(35 Misc. Rep. 763.)

## PEOPLE v. PAINE.

(Supreme Court, Special Term, New York County. September 16, 1901.)

CRIMINAL LAW—COMPLAINT—SUFFICIENCY.

A complaint charged that complainant had a certain sum on deposit with a broker, to be used as a margin in speculating in stocks for the complainant's account; that defendant on a certain date notified complainant that he had sold certain shares; that no sales were to be made except on complainant's order; that complainant gave no order, and that the stock was not in fact sold, and that the broker's statement was to show a loss of margin, and to appropriate complainant's money to his own use. *Held*, that the complaint alleged no crime, since complainant had voluntarily parted with his money.

Hearing on writ of habeas corpus to test the right of a city magistrate to commit J. Overton Paine. Writ sustained.

E. A. Philbin, Dist. Atty., and John F. Cowan, Asst. Dist. Atty., for the People.

Black, Olcutt, Gruber & Bonynge, for defendant.

McADAM, J. The complaint charges that on May 6, 1901, Maurice A. Thorner, the complainant, had on deposit with J. Overton Paine, the defendant, the sum of $167, to be used as a margin in speculating in stocks for the complainant's account; that on said date the complainant received notice from the defendant that he had sold 10 shares of Northern Pacific and 20 shares of Brooklyn Rapid Transit stock at certain figures; that no sales or purchases of stock were to be made for complainant except upon his direction; that the complainant gave no orders for the sale of said stock, and that the same was not in fact sold; and that the statement made by the defendant to the effect that he had sold said stock was to show a loss of the margin, and to appropriate to his own use the money deposited by the complainant as aforesaid. Clearly, no crime is alleged. The defendant did not obtain possession of the complainant's money by any trick, device, fraud, or artifice, for it was voluntarily parted with by the complainant of his own free will and accord, in which respect the case differs essentially from that of Com. v. Cooper, 130 Mass. 285, relied on by the district attorney. In that case the complainant, at the request of the defendant, who was a broker, gave him $200 as margin to use on the purchase of 100 shares of the stock of a certain railroad, the defendant agreeing at the time to make the purchase, and receiving the money for the specific purpose. The broker afterwards represented that he had made the purchase as agreed, but, when pressed for the stock by the customer with an offer

of the balance of the purchase money, admitted that he had misappropriated the money, and applied it to his own use. The court instructed the jury that the defendant, having obtained the money to be applied to a particular purchase, and then fraudulently and deceitfully applied it to his own use, was guilty of embezzlement under the laws of that state. The conviction was affirmed, the court holding that, "even though the property was intrusted to the broker for an illegal purpose, it was no defense to an indictment for embezzlement"; citing Com. v. Smith, 129 Mass. 104. In New York the former crimes of embezzlement and false pretenses are now embraced within the term "larceny" as defined by section 528 of the Penal Code. In the present instance the $167 placed in the hands of the defendant by the complainant made him the debtor of the latter to that amount, and gave the depositor the right to recover by civil action a return of the deposit, or to call upon the defendant for an accounting. The fact that the defendant, after he had the money in his possession, made misstatements as to alleged purchases or sales does not constitute a crime, for the complainant parted with nothing on the faith thereof, did not alter his position in consequence, and was not in any manner deceived to his pecuniary injury. It is not charged, nor can it be inferred from any allegation of the complaint, that the $167 deposited with the defendant paid for, or was to pay for, 10 shares of Northern Pacific and 20 shares of Brooklyn Rapid Transit stock, so as to make the complainant the owner thereof, or the defendant a bailee with respect thereto; or that any possible wrong regarding any such stock was done to the complainant. No demand and refusal to pay or deliver over are alleged. Breach of contract is actionable, not indictable; but even a breach, the foundation of every civil action, is not pleaded. Every essential to a criminal offense should be set forth with particularity (Barb. Crim. Law [2d Ed.] 519, 520), and not left to inference, which favors innocence, and never lends its aid to establish guilt, unless the facts charged unerringly point that way. Tested by the settled rules of criminal procedure, the complaint here is so inartistically drawn that it may well be termed a nondescript. The complaint fails to set forth any charge of which a criminal court has jurisdiction, and the attempt to make a criminal offense of the transaction looks like an effort to use the criminal courts as a means of enforcing an obligation the remedies respecting which belong exclusively to the civil courts established for the purpose. For these reasons the magistrate had no authority to commit the defendant to await the action of the grand jury, but should have discharged him at once. As the defendant is unlawfully deprived of his liberty, the writ must be sustained, and the defendant discharged from further restraint.